FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 14 2009

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SYLVIA AVILA,

    Plaintiff

v.                                                          CIV. NO. 01-0349 JC/LAM

SUSANNE RATCHNER, YLAINE HETES,
and JEFF T. STONE, in their individual capacities,

    Defendants.

## JURY INSTRUCTIONS

(October 14, 2009)

## INSTRUCTION NO. 1

Members of the Jury:

In any trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you're the procedures you should follow in your deliberations.

INSTRUCTION NO. 2

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## INSTRUCTION NO. 3

It is a general rule in civil cases that a party seeking recovery or a party relying upon a defense has the burden of proving every essential element of its claim or defense by the greater weight of the evidence.

To prove by the greater weight of the evidence means to establish that something is more likely true than not true. When I say in these instructions that a party has the burden of proof, I mean that you must be persuaded that what is sought to be proved is more probably true than not true. Evenly balanced evidence is not sufficient.

## INSTRUCTION NO. 4

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

Also, do not assume from anything I may have said or done during the trial that I have any opinion concerning any of the issues in the case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

## INSTRUCTION NO. 5

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.

In considering the evidence, you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is indirect evidence that is proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

INSTRUCTION NO. 6

I remind you that it is your job to decide the facts in this case. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness' testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the plaintiff or the defendants? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.

7

## INSTRUCTION NO. 7

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## INSTRUCTION NO. 8

You have listened to a tape recording that has been received into evidence. You have also been given a written transcript of the recording to help you identify speakers and to help you listen to the tape.

The transcript is not evidence. The tape recording itself is the primary evidence of its own contents. If there is a difference between the transcript and the tape recording, you must rely on what you hear rather than what you read.

Transcripts of recorded conversations can be very difficult to make. Whether the typewritten transcript correctly or incorrectly reflects the conversation or the identity of the speakers is entirely for you to decide based upon what you hear on the tape recording, what you hear about the preparation of the transcript, and your own examination of the transcript. If you decide that the transcript is incorrect or unreliable, you should disregard it to that extent.

## INSTRUCTION NO. 9

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

INSTRUCTION NO. 10

Plaintiff Sylvia Avila brings civil rights claims against Defendants Susanne Ratchner, Ylaine Hetes, and Jeff T. Stone arising out of the Fourth and Fourteenth Amendments to the United States Constitution and Section 1983 of Title 42 of the United States Code.

The Court has already determined as a matter of law that Defendants Ratchner, Hetes, and Stone violated Plaintiff Avila's rights when they wrongfully and unlawfully arrested her by transporting her to the police substation. You will only be asked to decide the question of Plaintiff's damages.

Defendants dispute the amount of damages that Plaintiff is entitled to receive for the violation of her civil rights.

INSTRUCTION NO. 11

A person may sue for an award of money damages against anyone who intentionally violates his or her rights under the Constitution of the United States while acting under color of any state law. Under the Fourth and Fourteenth Amendments to the Constitution of the United States, a citizen has the right to be free from unreasonable governmental seizures and the right not to be deprived of liberty without authority of law.

This means that she has the constitutional right not to be arrested by a police officer absent probable cause that she has committed or is committing a crime.

The Plaintiff, Sylvia Avila, claims that Defendants Susanne Ratchner, Ylaine Hetes, and Jeff T. Stone, acting under the color of authority of the State of New Mexico as Albuquerque Police Department law enforcement officers, intentionally violated her constitutional right to be free from unreasonable governmental seizures by wrongfully arresting her. The Court has already determined that the Plaintiff's constitutional rights were violated.

In the instructions that follow, I will instruct you on the elements of Plaintiff's civil rights claim and explain which of those elements remain to be proven before she can receive an award of damages.

## INSTRUCTION NO. 12

Plaintiff Sylvia Avila claims that Defendants Susanne Ratchner, Ylaine Hetes, and Jeff T. Stone, while acting under color of state law, wrongfully arrested her in violation of her rights under the Constitution of the United States.

The elements of Plaintiff's constitutional claims for damages against each Defendant are as follows:

1. That the Plaintiff was arrested when she was transported to the substation in violation of her rights;

2. That the acts or omissions of the Defendant in arresting or failing to release her were intentional;

3. That in so doing the Defendant acted "under color" of the authority of the State of New Mexico;

4. That the Defendant's acts or omissions violated Plaintiff's right not to be arrested without probable cause; and

5. The amount of Plaintiff's damages caused by the Defendant's acts or omissions.

With respect to the first four of these elements, the Court has already determined, as a matter of law, that Plaintiff was arrested, that the Defendants' acts and omissions were intentional, and that the Defendants' acts and omissions violated Plaintiff's right not to be arrested without probable cause. In addition, the parties have agreed that the Defendants acted "under color" of state law. Therefore, you must accept each of these first four elements listed above as proven.

Because the Court has already made the above determinations as a matter of law, you will only be called upon to decide the issue of Plaintiff's damages resulting from the violation of Plaintiff's constitutional rights.

INSTRUCTION NO. 13

Plaintiff seeks an award of compensatory damages that will reasonably and fairly compensate her for the pain and suffering, emotional distress, trauma, fear, embarrassment, humiliation, lost liberty and anxiety she experienced and is reasonably certain to experience in the future as a result of Defendants' conduct.

The guide for you to follow in determining compensation for pain and suffering, emotional distress, trauma, fear, embarrassment, humiliation, lost liberty and anxiety, if any, is the enlightened conscience of impartial jurors acting under the sanctity of your oath to compensate the Plaintiff with fairness to all parties in this action.

You should award Plaintiff such sum as you believe will compensate her for any damages that you believe she suffered as a result of the event for which the Defendants have been found liable.

The Plaintiff is not required to introduce evidence of the value of her pain and suffering, emotional distress, trauma, fear, embarrassment, humiliation, lost liberty, and anxiety. There is no exact standard for fixing the compensation to be awarded on account of this type of damages. Rather, it is up to you to determine what amount of money you believe will fairly compensate her.

## INSTRUCTION NO. 14

An award of damages to Plaintiff should include the reasonable expense of any medical or psychological treatment or care that Plaintiff will necessarily and reasonably obtain in the future to address injuries caused by one or more of the Defendants' misconduct.

## INSTRUCTION NO. 15

To reach a verdict on damages, all of you must agree. Your verdict must be unanimous. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.

But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. Remember at all times, you are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case, to decide the facts as they relate to damages in this case.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

The foreperson will indicate the unanimous answer of the jury in the space provided. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message, sign it and give it to the marshal. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even the Court, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict. Retain the

17