**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**SYLVIA AVILA and**
**GLENDA SHEROUSE,**

**Plaintiffs,**

**v.** **CIV NO 01-0349 JC/LAM**

**SUSANNE RATCHNER, YLAINE HETES,**
**and JEFF T. STONE, in their individual capacities,**

**Defendants.**

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on *Plaintiff's Motion and Supporting Brief For Attorney Fees and Expenses* (Doc. 205), filed December 7, 2009 ("Motion"). The Court has reviewed the parties' submissions and, being otherwise fully informed, will GRANT the Motion in part, as set forth below.

## I. BACKGROUND

This litigation arises from Plaintiffs' arrest on July 29, 2009, when Plaintiff Avila was 13 years old and Plaintiff Sherouse was 14 years old. *Second Amended Complaint for Civil Rights Violations, Tort Claims, and Damages* (Doc. 150), filed December 13, 2007 ("Am. Complt."), at ¶ 5. Plaintiffs claimed that their arrest was without reasonable suspicion, without consent, without probable cause, without exigent circumstances, and without a warrant. *Id.* at ¶ 9. Besides unlawful arrest, Plaintiffs asserted claims for excessive force, unreasonable search of Plaintiff Avila's residence, and negligence. *Id.* at pp. 5-8.

During the course of the litigation, Defendants obtained partial summary judgment, reducing the Plaintiffs' original lawsuit from nine defendants to eight and from five counts to

two. *Defs.' Response and Supporting Brief* (Doc. 210), filed January 6, 2010 ("Resp."), at p. 2. After the first trial in this matter, the jury found that no violations of Plaintiffs' constitutional rights occurred. *Jury Verdict* (Doc. 160), filed January 24, 2008. The Court denied Plaintiff's Motion for Judgment as a Matter of Law. *Order* (Doc. 163), filed April 1, 2008. The Tenth Circuit reversed the Court's Order in part, holding that Defendants lacked probable cause to arrest Plaintiff Avila as a matter of law. *Sherouse v. Ratchner*, 573 F.3d 1055, 1062 (10th Cir. 2009). After a second trial limited to the question of appropriate damages, a jury awarded Plaintiff Avila $80,000 in damages. *Final Judgment* (Doc. 200), filed October 22, 2009.

Plaintiffs' Motion seeks full attorney fees and expenses from the inception of this litigation pursuant to 42 U.S.C. § 1988, or $278,128.75 in fees and $11,773.79 in expenses, for a total of $289,902.54. Defendants argue that fees and expenses should be limited since, in their view, Plaintiff Sherouse is not a "prevailing party" and that even Plaintiff Avila has enjoyed only "limited success." *Resp.* at pp. 3-4.

**II. LEGAL STANDARD**

As a general rule, each party in a lawsuit should pay its own attorney fees and expenses. *Alyeska Pipeline Svc. Co. v. Wilderness Soc'y*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). In civil rights actions, however, federal statute provides that "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. "The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (citing H.R.Rep. No. 94-1558, p. 1 (1976)).

"[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim." *Farrar v. Hobby*, 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d

494 (1992). Clearly, a party prevails when an enforceable judgment, consent decree, or settlement is obtained. *Id.* (citing *Hewitt v. Helms*, 482 U.S. 755, 763, 107 S.Ct. 2672, 2677, 96 L.Ed.2d 654 (1987) and *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980)). In any case, a prevailing party must secure relief that "directly benefit[s] him at the time of the judgment or settlement." *Id.* "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 111-12. "In some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all." *Id.* at 115.

Once the Court determines that a party is entitled to an award of reasonable attorney fees and expenses, it must "provide a concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437. The Supreme Court has held that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433. This calculation is termed the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). Where the prevailing party fails to submit adequate documentation of hours worked, the court has discretion to reduce the fee award. *Hensley* at 437.

"[T]he product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* at 436. Therefore, the Court may reduce a fee award in consideration of the results obtained. *Id.*

> This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation two questions must be addressed. First,

> did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

*Id.* Where a reduced fee is appropriate, the Supreme Court has found that "[t]here is no precise rule or formula" for calculating the reduction. *Id.* at 436. "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436-37. The Tenth Circuit has compared the district court's review of such fee requests to the manner in which "a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients...." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir.1983)). "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Hensley* at 434 (quoting *Copeland v. Marshall*, 205 U.S.App.D.C. 390, 401, 641 F.2d 880, 891 (1980) (en banc) (emphasis in original)). However, any reduction of a fee request must not appear to be merely "eyeballed" and "cut [] down by an arbitrary percentage." *Robinson*, 160 F.3d at 1281 (quoting *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1314 (7th Cir.1996) (quotations omitted)).

## III. DISCUSSION

The Motion seeks fees and expenses related to the claims of both Plaintiffs in this action. Defendants contend that Plaintiff Glenda Sherouse is not a prevailing party and that she is therefore precluded from recovering fees or expenses. The fees requested by Plaintiff Sylvia Avila are unreasonable, according to Defendants, given the low level of success achieved on her claims. Defendants also point to billing problems such as multiple attorneys billing for the same

work and some attorneys billing at unreasonable rates.

**A. Plaintiff Glenda Sherouse May Not Recover Attorney Fees**

"[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim." *Farrar,* 506 U.S. at 111. In this case, a jury found no violation of Plaintiff Glenda Sherouse constitutional right to be free from wrongful arrest and no negligence on the part of Defendants relating to Plaintiff Sherouse. *Jury Verdict* (Doc. 160), filed January 24, 2008. Plaintiffs appealed to the Tenth Circuit, and the Tenth Circuit found sufficient evidence to permit a reasonable jury to decide that Defendants had probable cause to arrest Plaintiff Sherouse. *Sherouse v. Ratchner,* 573 F.3d at 1061. Although the case was remanded in part after Plaintiffs' appeal, none of Plaintiff Sherouse's claims were included in the remand. She obtained no relief whatsoever. As such, Plaintiff Sherouse is not a "prevailing party" under 42 U.S.C. § 1988.

Plaintiffs argue that the fees requested cannot be reduced to exclude recovery for Plaintiff Sherouse because "the evidence and discovery regarding both Plaintiffs' claims was inextricably intertwined." *Motion* at 4. *See also Pls' Reply in Supp. of Their Motion for Attorney Fees and Expenses* (Doc. 212), filed January 18, 2010 ("Reply") at 3 (asserting that "both Plaintiffs' claims for relief involved a common core of facts or were based on related legal theories") (quotations omitted). Even if Plaintiff Sherouse had not been a party, Plaintiffs contend they would still "have had to obtain information about her, depose her, present her trial testimony, and litigate its significance" in pursuit of Plaintiff Avila's claims. *Reply* at 3.

While Plaintiffs may be correct that some portion of their counsels' efforts on behalf of Ms. Avila are not separable from their efforts on behalf of Ms. Sherouse, neither party in this case has cited authority suggesting that a non-prevailing Plaintiff may recover fees simply

because his claims were related to those of another more successful Plaintiff. Had Plaintiff Sherouse been represented by different attorneys than Plaintiff Avila, Plaintiff Sherouse's counsel would be entitled to no award whatsoever. The Court will therefore deny attorney fees and expenses to Plaintiff Glenda Sherouse.

**B. Reduction of the Requested Amount is Necessary to Eliminate Duplicative Entries**

After reviewing Plaintiffs' counsel's timesheets as senior partner in a private law firm would, *Robinson*, 160 F.3d at 1281, the Court will reduce the requested attorney fees from $278,128.75 to $227,615.00.

At the outset, the Court finds insufficient evidence to support rates of $350/hour for attorney Mary Y.C. Han, and $300/hour for attorneys Arne R. Leonard, Kirtan Khalsa, Karen Morgan-Tracy, and Caren I. Friedman. As to Ms. Han, the most recent evidence of rates affirmed by a Court or paid in settlement by an opposing party is $300 per hour. *Affidavit of Mary Y.C. Han* (Doc. 205-3) at ¶8. Mr. Leonard and Ms. Khalsa fail to offer any evidence of rates approved by a Court or paid in settlement by an opposing party. Ms. Khalsa's affidavit indicates that she was billed out by her employers at a maximum of $175.00 per hour. *Affidavit of Kirtan Khalsa* (Doc 205-6) at ¶¶ 5 & 8. Although Mr. Leonard asserts that Kennedy & Han bills him out at $300.00 per hour, there is no evidence offered to indicate that clients are willing to pay that amount for his services. *Affidavit of Arne R. Leonard* (Doc. 205-5) at ¶ 9. Ms. Morgan-Tracy similarly asserts that her hourly rate for civil rights cases is presently $300.00 per hour, but she admits that she does not take civil rights cases and limits her practice to guardian ad litem work and children's advocacy. *Affidavit of Kristin Morgan-Tracy* (Doc. 205-7) at ¶¶ 7 & 9. The only evidence of fees awarded or paid in settlement to Ms. Morgan-Tracy is $200.00

per hour. *Id.* at ¶ 9. Based upon these attorneys' experience and expertise as set forth in their affidavits, the Court finds that reasonable rates are as follows:

| | |
|---|---|
| Mary Y.C. Han | $300/hour |
| Caren I. Friedman | $250/hour |
| Arne R. Leonard | $200/hour |
| Kirtan Khalsa | $200/hour |
| Kristin Morgan-Tracy | $200/hour |

Applying these rates, the fees requested would amount to $246,500.00.

Beyond the rates requested, the Court has also identified certain line item entries that should not be billed. Primarily, these entries include billings by multiple attorneys for inter-office conferences or for receiving and reviewing identical documents. In these instances, the Court generally has permitted billings by the most expensive attorney but denied billings for any other attorneys. The Court has also eliminated billings for attorney time spent working with Plaintiff Glenda Sherouse or on issues related solely to her claims. After applying all of these deductions, the fees would amount to $227,615.00.

**C. The Requested Amount is Not Reasonable In Light of the Result**

While there can be no doubt that Plaintiff Sylvia Avila is a prevailing party under 42 U.S.C. § 1988, the amount of attorney fees that is requested, even after the Court's line item and hourly rate deductions, is excessive in light of the results obtained.

Initially, the Court cannot ignore the fact that Ms. Avila's co-Plaintiff Glenda Sherouse failed to prevail on any of her claims. The Court also recalls that Ms. Avila's wrongful arrest claim was simple and straightforward compared to Ms. Sherouse's wrongful arrest claim. Although neither Plaintiff was involved in the robberies about which they were questioned, Ms. Sherouse arguably bore some physical resemblance to the robber, and the police officers reasonably believed that several of the witnesses had suggested she was the robber. *Sherouse v.*

*Ratchner*, 573 F.3d at 1061. These facts made it necessary for Ms. Sherouse's attorneys to track down witnesses and verify the specifics of their statements, whereas much less effort was required in prosecution of Ms. Avila's claims. As the Tenth Circuit held on appeal,

> [t]he police had much less evidence to support a probable cause determination for Ms. Avila. The totality of the officer's evidence consisted of the following: a resident who lived near one of the robberies reported that Ms. Avila appeared suspicious because she was sitting with Ms. Sherouse on the curb in front of the resident's apartment complex and staring at her; Ms. Avila entered Ms. Hannah's apartment and obtained a red sweater that belonged to Ms. Sherouse, which Ms. Sherouse then wore; and lastly, Ms. Hannah explained that Ms. Avila and Ms. Sherouse were her friends, and that she had given Ms. Sherouse's sweater back to Ms. Avila. Even accepting these facts as true, they do not support a reasonable inference that the officers had probable cause to arrest Ms. Avila.

*Id.* at 1061-62.

Because the attorney timesheets submitted do not adequately account for time expended relative to Ms. Avila's claims versus Ms. Sherouse's claims, the Court must use its discretion to reduce the fee appropriately to account for the limited success. *Hensley* at 436-37. Recognizing that the Supreme Court rejects a mathematical approach to fee awards, where a Court might compare the number of issues or claims a Plaintiff raises in a case with those on which the Plaintiff prevailed and apply that ratio to the requested fees, *id.* at 435, n.11, the Court will not simply subtract 50% of the requested fee. Having reviewed the attorney time sheets in detail, and considering the results obtained, the Court finds that an award of $150,000.00 is "a reasonable attorney's fee" pursuant to 42 U.S.C. § 1988.

**D. Expenses Will Be Awarded According to Fed.R.Civ.P.54(d)(1) and Local Rule 54.2, Which Sets Forth Taxable Costs**

Federal Rule 54(d) provides that "costs–other than attorney's fees–should be allowed to

the prevailing party." Such costs are limited, however, by Local Rule 54.2, which sets forth the following categories of taxable costs: transcripts, deposition costs, witness costs, interpreter/translator fees, copies of papers, and photographs, maps, charts, and summaries. The Court will therefore exclude from its award requested expenses for parking, conference calls, editing of videotapes, postage, counsel's travel (including hotel and meals) to the Tenth Circuit Court of Appeals, and investigation to locate trial witnesses. After these deductions, the Court will award expenses of $10,047.54.

## IV. CONCLUSION

As set forth above, the Court finds that Plaintiff Sylvia Avila is entitled to an award of attorney's fees pursuant to 42 U.S.C. § 1988 in the amount of $150,000.00. Plaintiff Sylvia Avila is further entitled to an award of costs in the amount of $10,047.54 pursuant to Fed.R.Civ.P. 54(d) and Local Rule 54.2.

IT IS THEREFORE ORDERED that *Plaintiff's Motion and Supporting Brief For Attorney Fees and Expenses* (Doc. 205), filed December 7, 2009, is GRANTED in part.

Dated September 27, 2010.

SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

Mary Y.C. Han, Esq.
Paul J. Kennedy, Esq.
Albuquerque, NM

Counsel for Defendants:

Kathryn Levy, Esq.
Albuquerque, NM